*524 OPINION OF THE COURT
Jasen, J.
In this special proceeding brought pursuant to CPLR 7503, respondent seeks a permanent stay of arbitration demanded by appellants on the ground that the grievance sought to be arbitrated is the subject matter of a disciplinary charge filed against the grievant and, therefore, lies outside the scope of the parties’ agreement to submit their disputes to binding arbitration.
The pertinent facts may be simply stated: In March, 1976, respondent school district entered into a collective bargaining agreement with appellant teachers association in which the parties agreed to submit grievances to binding arbitration pursuant to the rules of the American Arbitration Association. The agreement defined a grievance as "a claim based upon an event or condition which affects the terms and conditions of employment of a teacher or group of teachers and/or the interpretation or meaning of any of the provisions of this Agreement or any subsequent Agreement entered into pursuant to this Agreement. The term 'grievance’ shall not apply to any matter for which a method of review is prescribed by law or by any rule or regulation of the State Commissioner of Education having the force and effect of law”.
During the term of the bargaining agreement, respondent filed charges against appellant Austin, a physical education teacher in the school district, one of which alleged that Austin neglected his duty on four school days in January, 1977 when he traveled to and participated in a basketball tournament as a coach without receiving permission from the board of education to leave his teaching assignments. Austin was also charged with misconduct for allegedly ignoring a direct order of the assistant superintendent not to interrupt his teaching responsibilities by participating in the tournament. Additionally, Austin was charged with having neglected his duty by absenting himself from his teaching assignments for the entire month of December, 1974, and with misconduct in failing to obey a directive of the acting superintendent to return to work during that period.
After service of formal notice of the charges filed against him pursuant to section 3020-a of the Education Law, Austin filed a grievance in compliance with the multistep grievance *525 procedure outlined in the bargaining agreement. Thereafter, the association, on behalf of Austin, demanded arbitration, characterizing the nature of the dispute as a violation of Austin’s employment contract: namely, the denial of personal leave for the four days in January, 1977 and concomitant deduction of pay. The remedy as requested in the demand for arbitration consisted of: "Reimbursement of four days pay to the grievant and interest. Further, that the District cease and desist from the practice of denying personal leave. That all disciplinary actions resulting from the grievants use of personal leave which is guaranteed under the contract [sic]. ”
Upon respondent’s motion to stay arbitration, Special Term denied the requested relief and directed the parties to proceed to arbitration. The Appellate Division reversed and granted a stay. There should be an affirmance.
The sole question on this appeal is whether the parties agreed to arbitrate the dispute for which arbitration has been demanded. As the Appellate Division correctly observed, resolution of this question in the context of arbitrations authorized under the Taylor Law (Civil Service Law, art 14) is a threshold judicial function. Absent a finding that there exists an "express, direct and unequivocal” agreement to arbitrate a dispute, courts exercising this function must stay arbitration. (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.] 42 NY2d 509, 510-511.)
Examination of the arbitration clause at issue in the present case reveals that while the scope of the parties’ agreement to arbitrate is not narrow, encompassing as it does disputes arising from events and conditions affecting terms and conditions of employment, as well as interpretation of the agreement (see Matter of South Colonie Cent. School Dist. v Longo, 43 NY2d 136, 141), it is limited simultaneously by broad language of exclusion. As noted previously, excluded from the definition of an arbitrable grievance is any dispute "for which a method of review is prescribed by law or by any rule or regulation of the State Commissioner of Education having the force and effect of law.” Inasmuch as the grievance for which arbitration was demanded, although undoubtedly involving a term or condition of employment, is identical to the subject matter of one of the disciplinary charges filed against appellant Austin pursuant to section 3020-a of the Education Law, it would appear that the parties’ dispute falls within the broad language of both inclusion and exclusion *526 contained in their agreement to arbitrate. In such a case, it is impossible to conclude, as a court must conclude to direct that arbitration proceed, that the parties’ agreement to arbitrate the dispute at issue is "express, direct and unequivocal”. (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d, at pp 511, 515, supra.)
Appellants contend, however, that to enforce the exclusionary language contained in the definition of an arbitrable grievance would render the parties’ agreement to submit their disputes to arbitration a nullity, inasmuch as all grievances could be considered nonarbitrable under this exclusion if the parties’ agreement, because of this exclusion, is interpreted to permit an action at law. Admittedly, such a broad interpretation of the exclusionary language contained in this clause would effectively negate the parties’ agreement to submit their disputes to binding arbitration. To the same extent, however, this language cannot be ignored. Having agreed to exclude certain otherwise includable disputes from their agreement to arbitrate, the parties must have intended this exclusion to have some effect. To effectuate the intent of the parties without nullifying either the inclusory or exclusory language contained in their agreement, we would limit the exclusion of arbitrable grievances for which a method of review is "prescribed” by law or by rule or regulation of the State Commissioner of Education to those grievances for which such review is "mandatorily” provided by statute, rule or regulation. Inasmuch as the grievance for which arbitration has been demanded in the instant case is identical to the subject matter of a disciplinary charge filed against appellant Austin pursuant to section 3020-a of the Education Law, a statutorily mandated procedure for the review of such charges, we hold that the grievance falls within the ambit of both the inclusionary and exclusionary language contained in the definition of an arbitrable grievance and, thus, that appellants have failed to demonstrate an express and unequivocal agreement to submit this dispute to binding arbitration.
One final point merits brief comment. By interpreting this exclusion as limited to a grievance for which a method of review is mandated, rather than merely otherwise available under statute or by rule or regulation of the State Commissioner of Education, we are limiting its scope, for all practical purposes, to grievances involving the subject matter of a *527 disciplinary proceeding. Notwithstanding this limitation, this exclusion might still be utilized to consume an agreement to arbitrate were a school district to file disciplinary charges against a grievant in bad faith as a pretext for the sole purpose of preventing arbitration. We need not reach this issue in the instant case, however, inasmuch as the disciplinary charges were filed prior to the grievance, foreclosing any allegation of bad faith on the part of respondent.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Jasen.
Order affirmed.