■ In the Matter of the Arbitration between NIAGARA FALLS POLICE CLUB, INC., Appellant, and CITY OF NIAGARA FALLS, Respondent.—Order unanimously affirmed, without costs. Memorandum: Special Term properly denied the petitioner's application to compel the city to proceed to arbitration. The threshold consideration for the court is whether the parties agreed to arbitrate the particular subject matter in dispute *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509). Although the labor agreement contains a broad arbitration clause requiring the submission to arbitration of all "grievances", it also excepts from the term "grievance", disciplinary proceedings where the consideration of such would be "contrary to any law, rules or regulation having the force and effect of law."

Civil Service Law § 75, setting forth the procedure for the resolution of disciplinary matters, provides for a formal hearing before the appointing authority or his designee. The rules and regulations of the police department state that the resolution of disciplinary matters (except those warranting only minor penalties) shall be in accordance with the Civil Service Rules and Regulations. Thus, the submission to arbitration of the disciplinary charges in this case would be contrary to both Civil Service Law § 75 and the rules and regulations of the police department, and for that reason the dispute falls within the exclusionary clause of the arbitration agreement *(see, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.]*, 46 NY2d 521; *Little Val. Cent. School Dist. v*

*Poole,* 99 AD2d 650). (Appeal from order of Supreme Court, Niagara County, Doyle, J.—compel arbitration.) Present—Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.