■ In the Matter of the Arbitration between OXFORD EMPLOYEE SUPPORT PERSONNEL ASSOCIATION, Appellant, and OXFORD ACADEMY AND CENTRAL SCHOOL DISTRICT, Respondent. [836 NYS2d 355]—

Crew III, J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 15, 2006 in Chenango County, which dismissed petitioner's application pursuant to CPLR 7503 to compel arbitration between the parties.

Donald Wall, a bus driver for respondent, was involved in an accident while driving his bus in the school parking lot. As a consequence, respondent initiated termination proceedings against Wall pursuant to Civil Service Law § 75. Petitioner objected to respondent's invocation of that statute claiming that Wall was entitled to pursue the grievance/arbitration procedures encompassed in the collective bargaining agreement entered into between petitioner and respondent. Ultimately, a Civil Service Law § 75 hearing was conducted, following which the Hearing Officer found sufficient evidence to support the charges against Wall and recommended his termination. The Board of Education then accepted the report and voted to terminate Wall's employment. Petitioner thereafter commenced the instant CPLR 7503 proceeding to compel arbitration. Supreme Court found the dispute not arbitrable and dismissed the petition, prompting this appeal.

The sole issue on this appeal is whether petitioner and respondent expressly and unequivocally agreed to arbitrate the dispute in question. We think not. The collective bargaining agreement at bar provides, among other things, that "[a] grievance shall mean a complaint by an employee in the bargaining unit (1) that there has been as to the employee a violation, misinterpretation or inequitable application of any of the provisions of this Agreement or (2) that the employee has been treated unfairly or inequitable [*sic*] by reason of any act or condition which is contrary to established policy or practice governing or affecting employees, except that the term grievance shall not apply to any matter as to which (1) a method of review is prescribed by law." Quite clearly, Civil Service Law § 75 provides a method of review for alleged employee misconduct and, pursuant to the exclusionary language of the bargaining agreement, relegates the parties to such procedure rather than the grievance/arbitration procedures provided by the bargaining agreement (*see Matter of South Colonie Cent. School*

*Dist. [South Colonie Teachers Assn.]*, 46 NY2d 521, 525-526 [1979]). Accordingly, Supreme Court quite properly dismissed petitioner's application to compel arbitration.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.