In the Matter of NFB INVESTMENT SERVICES CORP., Appellant, v ROBERT J. FITZGERALD, Respondent. [854 NYS2d 457]—

The petitioner investment services company fired the respondent, who was its employee and a broker, on the ground that he violated New York State Insurance Department regulation 60 when he undertook to sell an annuity for a client, the proceeds of which he ultimately used to purchase a new annuity for the client. In a form required to be filed with the National Association of Securities Dealers (hereinafter NASD), the petitioner reported that it fired the respondent for the violation. Asserting that the claimed violation was a pretext for firing him, the respondent initiated an arbitration proceeding before the National Association of Securities Dealers Dispute Resolution System (hereinafter NASDDR) to purge the NASD form of the claimed violation and for damages, inter alia, for defamation. The arbitration panel rendered a decision purging both the original NASD form and an amended form regarding a client complaint that was filed by the petitioner subsequent to firing the respondent. The panel awarded the respondent the sum of $50,000 in damages for defamation. The petitioners commenced the instant proceeding in the Supreme Court pursuant to CPLR article 75, seeking to vacate the arbitration award. The Supreme Court denied the petition and, in effect, granted the respondent's motion to confirm the award. The petitioner appeals. We affirm.

An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrators' power (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). An award is irrational if there is "no proof whatever to justify the award" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). Even if the arbitrators misapply substantive rules of law or make an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471 [2006], *cert dismissed* — US —, 127 S Ct 34 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]). An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be (*see Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]).

Here, the Supreme Court properly determined that the arbitration award was not violative of public policy, was not irrational and did not clearly exceed a specifically enumerated limitation on the arbitrator's power (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.