■ In the Matter of the Arbitration between BARBARA KOW-ALESKI, Appellant, and NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [875 NYS2d 651]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered November 14, 2007 in Albany County, which, among other things, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner, a correction officer, was served with a notice of discipline charging her with violating various provisions of the employees' manual as the result of her conduct on three separate occasions in September and October 2004. The first charge alleged that, while on duty on September 29, 2004, petitioner made inappropriate comments of a personal nature about another officer in the presence of inmates and staff. The second charge alleged that, while on duty on October 4, 2004, petitioner became argumentative and engaged in a verbal exchange with another employee. The third charge alleged that, while on duty on October 4, 2004, petitioner became insubordinate when she ignored a sergeant's directive to stop interrupting another employee. The notice of discipline called for petitioner's termination and the loss of any accrued annual leave as a penalty for these violations.

A hearing on the charges was subsequently conducted by an arbitrator. At the outset of the hearing, petitioner's counsel requested the arbitrator to consider the affirmative defense under Civil Service Law § 75-b that the charges were brought against petitioner in retaliation for her having reported an assault on an inmate by a fellow officer in September 2002. The arbitrator responded that he would not consider retaliation as an affirmative defense, but would take it into account in evaluating the credibility of witnesses as relevant to petitioner's guilt or innocence. The arbitrator proceeded to consider witness testimony, including that of petitioner and another correction officer concerning the manner in which petitioner had been harassed after reporting the inmate assault by a fellow officer. Nevertheless, at the conclusion of the hearing, the arbitrator found petitioner guilty of the first and third charges. Based upon petitioner's disciplinary history, the arbitrator determined that termination was the appropriate penalty.

Thereafter, petitioner commenced this proceeding pursuant to CPLR article 75 seeking to vacate the arbitration award on various grounds. Following joinder of issue, petitioner moved to amend the petition to add another ground for vacating the award. Supreme Court denied the motion to amend, as well as the relief requested in the petition. Petitioner now appeals.

Initially, we note that an arbitration award may be vacated "on only three narrow grounds: if it is clearly violative of a

strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator['s] power" (*Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d 747, 748 [2008]; *see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]). "[C]ourts are obligated to give deference to the decision of the arbitrator" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). "This is true even if the arbitrator misapplied the substantive law in the area of the contract" (*id.* [citations omitted]; *see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d at 748).

In the case at hand, petitioner asserts that the arbitrator exceeded his authority by failing to consider retaliation as an affirmative defense to the charges under Civil Service Law § 75-b. That statute, known as the whistleblower's law, provides that an employee may assert the claim of retaliation in the context of an arbitration proceeding involving adverse personnel action and that "[t]he arbitrator shall consider such claim and determine its merits" (Civil Service Law § 75-b [3] [b]). While the arbitrator here incorrectly stated that it was beyond his jurisdiction to consider petitioner's claim of retaliation, this error of law does not warrant vacating the award under the circumstances presented (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]). The retaliation defense under Civil Service Law § 75-b is applicable where the disciplinary proceeding is based solely upon the employer's alleged unlawful retaliatory action (*see Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 568 [1997]). As is discussed below, this is not the situation here as evidence of petitioner's improper conduct was presented at the hearing. Furthermore, the record discloses that the arbitrator, in fact, considered evidence of retaliation in weighing witness credibility and assessing petitioner's guilt.

Contrary to petitioner's claim, ample proof was presented at the hearing to support the arbitrator's finding that petitioner was guilty of the two charges and, therefore, his decision was not irrational. Regarding the charge that petitioner made inappropriate comments of a personal nature, the correction officer who heard them stated that petitioner commented that another officer's son had been shot and did so within earshot of inmates, as well as staff. Regarding the charge of insubordination, the sergeant involved testified that he directed petitioner a number

of times to stop interrupting another correction officer, but she refused to comply. Although petitioner denied both incidents, her testimony presented a credibility issue for the arbitrator to resolve. Given the proof in the record justifying the arbitrator's decision, we cannot conclude that it was irrational (*see Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d at 748).

Furthermore, we do not find that the arbitrator's decision should be vacated for public policy reasons. The law does not prohibit, in an absolute sense, the matter decided by the arbitrator and his decision does not so violate " 'well-defined constitutional, statutory or common law' " as to offend public policy (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 11 [2002], quoting *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d at 328; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003]). In view of the foregoing, we find no reason to disturb the arbitrator's decision.

We have considered petitioner's remaining contentions and find them to be unpersuasive.

Mercure and Lahtinen, JJ., concur.

Cardona, P.J. (dissenting). We respectfully dissent. It is undisputed that an arbitration award may be vacated "if it is clearly violative of a strong public policy" (*Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d 747, 748 [2008]). The authority of courts "to overturn an arbitration award on public policy grounds is a recognized, albeit narrow, exception to the general rule that arbitrators have broad power to determine all disputes submitted to them pursuant to the parties' agreement" (*Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d 1074, 1076 [2006], *appeal dismissed* 8 NY3d 840 [2007] [internal quotation marks and citations omitted]). The state's strong public policy against retaliatory personnel actions is expressed by the enactment of whistleblowers' statutes such as Civil Service Law § 75-b (*see generally Bordell v General Elec. Co.*, 208 AD2d 219 [1995], *affd* 88 NY2d 869 [1996]). That statute specifically provides that an employee "may assert such as a defense before the designated arbitrator . . . [and t]he merits of such defense shall be considered and determined as part of the arbitration award" (Civil Service Law § 75-b [3] [a]).

Here, petitioner was clearly denied the opportunity to have that defense fully considered and determined by the arbitrator as provided by the statute and, thereafter, she received the strictest penalty of termination. Although the majority holds

that the arbitrator's error regarding the availability of the defense can be overlooked because the arbitrator took notice of the evidence offered by petitioner "in weighing witness credibility and assessing petitioner's guilt," we cannot agree that is sufficient given the statute's clear language that the defense be "considered and determined" by the arbitrator (Civil Service Law § 75-b [3] [a]). Notably, in the case cited by the majority, *Matter of Crossman-Battisti v Traficanti* (235 AD2d 566 [1997]), this Court indicated that the dismissed employee was not deprived of a fair hearing inasmuch as she was, in fact, ultimately allowed "to raise the defense" (*id.* at 568). Petitioner herein was not afforded a similar opportunity. Instead, the arbitrator specifically stated in his determination that he had "no authority to consider the Civil Service Law issues raised by [petitioner]." Petitioner was thus deprived of her right to have the arbitrator determine, among other things, the specific factual issue of whether the disciplinary charges were, in the first instance, "initiated and pursued to retaliate for [the prior matters]" (*Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883, 885 [1996]). Accordingly, it is our view that the arbitrator's award is flawed and must be vacated.

Stein, J., concurs. Ordered that the judgment is affirmed, without costs.