In the Matter of AVINASH JADHAV, Respondent, v PAUL ACKERMAN et al., Appellants. [878 NYS2d 766]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Paul Ackerman and North Star Medical, PLLC, appeal from (1) an order of the Supreme Court, Kings County (Solomon, J.), dated October 2, 2007, which granted the petition and denied their cross motion to vacate or modify the award, and (2) a judgment of the same court dated December

18, 2007, which, upon the order, is in favor of the petitioner and against them in the principal sum of $430,291.80.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the Supreme Court properly concluded that the arbitration award in favor of the petitioner and against them for breach of an employment contract should not be vacated against Paul Ackerman on the ground that he was not a party to the contract, which contained an arbitration clause. CPLR 7511 (b) (2) (ii) provides that an arbitration award "shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that . . . a valid agreement to arbitrate was not made." Here, Ackerman waived any objection to the manner in which the notice of intention to arbitrate was served (*see Matter of Home Mut. Ins. Co. v Springer,* 130 AD2d 493 [1987]). Further, he participated fully in the arbitration proceeding. There is no support for his contention that he participated only in his corporate capacity. Consequently, he was not entitled to vacatur of the award on the ground that he was not a party to the contract (*see* CPLR 7511 [b] [2] [ii]; *Morfopoulos v Lundquist,* 191 AD2d 197 [1993]).

North Star Medical, PLLC (hereinafter North Star), also failed to demonstrate that the arbitration award against it should be vacated. An arbitration award may be vacated if it violates a strong public policy, is irrational, or clearly exceeds a limitation imposed on the arbitrator (*see Matter of Local 342 v Town of Huntington,* 52 AD3d 720, 721 [2008]; *Matter of NFB Inv. Servs. Corp. v Fitzgerald,* 49 AD3d 747, 748 [2008]). An award is irrational if there is " 'no proof whatever to justify the award' " (*Matter of NFB Inv. Servs. Corp. v Fitzgerald,* 49 AD3d at 748, quoting *Matter of Peckerman v D & D Assoc.,* 165 AD2d 289, 296 [1991]).

Contrary to North Star's contentions, the arbitrator's determination was within her power, did not violate a strong public

policy, and was not irrational (*see Matter of NFB Inv. Servs. Corp. v Fitzgerald,* 49 AD3d 747 [2008]). Accordingly, that branch of the petition which was to confirm the award as against North Star was properly granted. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.