■ In the Matter of the Arbitration between MASSENA CENTRAL SCHOOL DISTRICT, Respondent, and MASSENA CONFEDERATED SCHOOL EMPLOYEES' ASSOCIATION, NYSUT, AFL-CIO, on behalf of ERIC FETTERLY, Appellant. [882 NYS2d 539]—

Garry, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 9, 2008 in St. Lawrence County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Eric Fetterly is employed as a custodian by petitioner and is a member of respondent. He suffered an on-the-job injury and was absent from work for 11 months while receiving workers' compensation benefits, returning to his employment on June 27, 2005. After a disagreement arose between Fetterly and petitioner as to his rate of absenteeism and the effect of his workers' compensation leave on his accrued sick time and his entitlement to certain benefits, respondent filed three grievances on Fetterly's behalf claiming violations of the collective bargaining agreement (hereinafter CBA).*

In the first grievance, respondent claimed that petitioner had improperly failed to award Fetterly three weeks of vacation and 15 additional leave credits accrued during his workers' compensation leave. The second grievance alleged that petitioner had improperly adjusted Fetterly's sick leave credits as to time used during his workers' compensation leave. In the third grievance, respondent asserted that a letter from petitioner's superintendent placed in Fetterly's file regarding his absenteeism, although characterized by petitioner as a counseling memorandum, was in fact a disciplinary action taken against him without just cause and in violation of the requirements of the CBA. The parties submitted three stipulated issues to binding arbitration, one arising out of each grievance. The arbitrator found in respondent's favor on each. Petitioner commenced this proceeding to vacate the arbitration award. Supreme Court granted the petition, finding that the award was irrational, at least in part, and that the arbitrator exceeded his authority. Respondent appeals.

An arbitration award may be vacated under CPLR 7511 (b) (1) (iii) as in excess of the arbitrator's authority only " 'where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Henneberry v ING Capital Advisors, LLC*, 10 NY3d 278, 284 [2008], quoting *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 61

---

* Respondent also filed a fourth grievance not involved in this appeal.

AD3d 1081, 1082-1083 [2009]). The CBA defines a grievance as "a complaint by an employee or [respondent] of an alleged violation of any of the terms and conditions of [the CBA]." The CBA limits the scope of arbitration, providing: "Not all grievances are subject to arbitration. The scope of arbitration and the jurisdiction of the arbitrator are defined under 'Jurisdiction of the Arbitrator.'" That section, in turn, provides: "The arbitrator shall regard the provisions of [the CBA] as the basic principles and fundamental law governing the relationship of the parties. The arbitrator's function is to interpret the provisions of [the CBA] and to decide cases of alleged violation of such provisions. The arbitrator shall not supplement, enlarge, diminish, or alter the scope of meaning of [the CBA] and its appendices as it exists from time-to-time, or any provisions therein, nor entertain jurisdiction of any subject matter not covered thereby (except to the extent necessary to determine his [or her] jurisdiction). Without limiting the foregoing, the subjects of health insurance and retirement are by this section excluded from arbitration."

The first grievance required the arbitrator to determine whether Fetterly had earned vacation and additional leave credits during his workers' compensation leave. At the outset, the arbitrator found: "The [CBA] is silent on the question of how, or even if, a workers' compensation absence affects an employee's vacation entitlements . . . In the absence of clearly counterbalancing language, I relied on logic, experience and common sense to discern what the [CBA] implies." The arbitrator then found that Fetterly was an "eligible employee" within the meaning of the CBA and that workers' compensation leave did not interrupt his continuous service. He therefore concluded that Fetterly had earned three weeks of vacation during his leave, and further determined that Fetterly was entitled to 15 days of leave credit.

We agree with Supreme Court that, in reaching these determinations, the arbitrator exceeded his authority. The CBA in this case explicitly limits the scope of the arbitrator's authority as set forth above. Upon determining that a subject is beyond his or her jurisdiction, the CBA directs the arbitrator to dispose of the case by reducing that finding to writing. The arbitrator "may" then refer the subject back to the parties. The CBA further limits the arbitrator's jurisdiction by forbidding him or her to "supplement, enlarge, diminish, or alter [the CBA's] scope of meaning [or to] *entertain jurisdiction of any subject matter not covered thereby*" (emphasis added). While the CBA declares that the "arbitrator's function is to interpret the provisions of [the CBA]," it also explicitly forbids the arbitrator to address any subject matter that its provisions do not cover.

An arbitrator's decision may be set aside "where the document expressly limits or is construed to limit the powers of the arbitrators, hence, narrowing the scope of arbitration" (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977] [internal quotation marks and citations omitted]). The arbitrator's determination that the CBA was "silent" on the subject of the grievance was, itself, within his jurisdiction and beyond the scope of judicial review (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]). Having made the determination that the subject at issue was not covered by the CBA, he was forbidden by the explicit terms of the agreement, which both created and limited his power, to entertain jurisdiction of the controversy. Supreme Court therefore correctly vacated the award on the ground that it "manifestly exceeds a specific, enumerated limitation on the arbitrator['s] power" (*Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 61 AD3d at 1083 [internal quotation marks and citation omitted]; *see Matter of Kocsis [New York State Div. of Parole]*, 41 AD3d 1017, 1019 [2007]).

The second stipulated issue required the arbitrator to determine whether respondent's grievance pertaining to petitioner's calculation of the amount of Fetterly's accrued sick leave was arbitrable. He determined that the parties' dispute was a grievance within the meaning of the CBA because the parties had so treated it throughout the five-step grievance process and because the grievance's "Specifics of Violation" alleged violations of the CBA. He found that although the CBA provides that not all grievances are arbitrable and explicitly excludes health insurance and retirement from arbitration, no exclusionary language in the CBA foreclosed the interaction of sick leave and workers' compensation benefits from arbitration. He therefore found that the question was arbitrable. In accord with the parties' stipulation, he did not reach the merits of this issue.

Supreme Court vacated this determination. In this respect, however, the court erred. The arbitrator did not find the CBA silent on the subject of the interaction between sick leave and workers' compensation leave. Instead, he cited a provision in the CBA entitled "Injury Leave" which directly addresses the use of sick leave by employees receiving workers' compensation payments during absences caused by job-related injuries. His description of the provision as "frustratingly vague" with regard to extended leaves does not permit the court to substitute its judgment for the arbitrator's as to whether the provision

covered the subject at issue (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 82-83 [2003]). "[C]ourts are obligated to give deference to the decision of the arbitrator" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336). Indeed, the arbitrator's interpretation of the CBA on this point would have been insulated from judicial review even if he had misconstrued or disregarded its plain meaning (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). The arbitrator's further determinations that the CBA cloaked him with the authority to determine arbitrability and that the subject in question was arbitrable were interpretations of the CBA that were consistent with its grant of jurisdiction to the arbitrator and were neither irrational nor in excess of his power. Indeed, "[t]o exclude a substantive issue from arbitration . . . generally requires specific enumeration in the arbitration clause itself of the subjects intended to be put beyond the arbitrator's reach" (*Matter of Silverman [Benmor Coats]*, 61 NY2d at 308). This determination did not fall within the " 'narrow grounds,' " on which an arbitration award may be overturned, and should not have been vacated (*Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 61 AD3d at 1082, quoting *Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d 747, 748 [2008]).

As to the third grievance, the arbitrator found that petitioner's placement of the letter in Fetterly's file violated paragraph C of article XV of the CBA, which prohibits the placement in personnel files of "[m]aterial not reduced to writing within 30 days of the occurrence of the incident(s) or within 30 days of when the administration could reasonably be expected to be aware of the incident(s)." The arbitrator determined that the date on which petitioner could reasonably have been expected to be aware of the cited incidents was June 27, 2005, and that the placement of the letter, dated August 10, 2005, in Fetterly's file violated the CBA because the matter was not reduced to writing within 30 days. This was the only violation cited by the arbitrator in the "award" portion of his determination. In the "opinion" section, however, he found that the letter "ignores article XVIII [of the CBA] and the long-established principles it warrants." Article XVIII provides, in pertinent part, "No current employee shall be disciplined or dismissed without just cause." Supreme Court held that the arbitrator exceeded his authority in considering the intent of petitioner's superintendent in writing the letter and that its placement in Fetterly's file did not violate the CBA. Further, the court held that the letter did not constitute discipline or dismissal and that the CBA

did not prohibit petitioner from placing counseling memoranda in employees' files.

With regard to the arbitrator's examination of the superintendent's intent, respondent argued before the arbitrator that the letter was a reprimand that constituted discipline without just cause in violation of the CBA, while petitioner contended that the letter was merely a counseling memorandum and that its purpose was to counsel or advise rather than to discipline. The CBA directs the arbitrator to "hear a case or cases in full with findings of fact." The arbitrator considered the superintendent's intent along with other factors, such as the letter's tone and content and the absence from the record of clear evidence that any counseling had taken place, in the course of resolving the parties' disagreement as to whether the letter constituted "discipline" within the meaning of the CBA. "The path of analysis, proof and persuasion by which the arbitrator reached [his] conclusion is beyond judicial scrutiny" (*Central Sq. Teachers Assn. v Board of Educ. of Cent. Sq. Cent. School Dist.*, 52 NY2d 918, 919 [1981]). His determination that the letter's intent was disciplinary is a factual finding which, even if erroneous, is not subject to judicial review (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 83; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]).

Similarly, even if the arbitrator's decision that the letter was disciplinary in nature resulted from an error of law (*see Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 632-634 [1981]), vacatur would not be warranted, since "absent a provision in the arbitration clause, arbitrators are not bound by principles of substantive law and rules of evidence" (*Matter of Board of Educ. of Oneonta City School Dist. [Moore]*, 229 AD2d 888, 889 [1996]). Supreme Court's determination that the letter did not constitute discipline was an impermissible substitution of its judgment for that of the arbitrator (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 82-83; *Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni*, 51 NY2d 894, 895 [1980]).

In regard to the letter's timeliness, Supreme Court found that the arbitrator's ruling as to the "trigger date" within 30 days of which the letter should have been reduced to writing was incorrect because Fetterly had been absent several times after his return to work, including at least one absence less than 30 days before the letter was written, and because meetings

were held within that time period. The letter references none of these events. Instead, it states that it follows up "our recent conversation *upon your return to work*" (emphasis added) and cites Fetterly's 11-month workers' compensation leave as well as "prior periods of lengthy absenteeism in the 2003-2004 school year" and other previous absences as examples of his excessive absenteeism. While the letter states that attendance records are attached, it cannot be discerned whether the records attached to the original letter listed any absences after Fetterly returned from his leave because the documents submitted as attachments in this record bear dates indicating that they were generated well after August 2005. Nothing in the letter, therefore, countermands the arbitrator's determination that the date on which petitioner "could reasonably have been aware" of the occurrences of excessive absence to which it refers was any time after Fetterly's return to work on June 27, 2005. The arbitrator's determination that the letter was not reduced to writing within 30 days after that date and that its placement in Fetterly's personnel file violated the CBA was neither "totally or completely irrational" nor in excess of his power, and should not have been vacated (*Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 61 AD3d at 1083 [internal quotation marks and citations omitted]).

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as vacated the arbitrator's determinations on stipulated issue number two and stipulated issue number three, and, as so modified, affirmed.