■ In the Matter of NACHUM BRISMAN, Appellant, v HEBREW ACADEMY OF FIVE TOWNS & ROCKAWAY, Respondent. [895 NYS2d 482]—

In a proceeding to confirm an arbitration award dated July 10, 2007, as amended August 28, 2007, in which the respondent cross-petitioned to vacate the award, the petitioner appeals from an order of the Supreme Court, Kings County (Balter, J.), dated December 18, 2008, which granted that branch of the respondent's cross petition which was to vacate the arbitration award reinstating him to a tenured teaching position with the respondent at an annual salary of $100,000, awarding him back contributions to his pension plan, and awarding him the sum of $50,000 in back salary, and, in effect, denied the petition to confirm the award.

Ordered that the order is reversed, on the law, with costs, that branch of the cross petition which was to vacate the arbitration award is denied, and the petition to confirm the arbitration award is granted.

The petitioner became a tenured teacher with the respondent, Hebrew Academy of Five Towns & Rockaway (hereinafter HAFTR), in 1996. In May or June 2006 HAFTR informed the petitioner that it was terminating his position. The parties agreed to arbitrate the matter of his termination in accordance with Jewish law and the rules of the Beth Din of America (hereinafter the Beth Din), with a panel of arbitrators named by the Beth Din. The panel found that the petitioner was granted tenure effective September 1996, and was wrongfully terminated, without just cause. The panel held, inter alia, that the petitioner remained in a tenured position. Accordingly, it directed that he must be reinstated to his teaching position at an annual salary in the sum of $100,000, awarded back contributions to his pension plan, and awarded him the sum of $50,000 for the salary he would have earned during the 2006-2007 school year had his position not been terminated. The petitioner commenced this proceeding to confirm that award. HAFTR opposed the petition and cross-petitioned to vacate the award, arguing, among other things, that the award created a new contract between itself and the petitioner. The Supreme Court granted that branch of HAFTR's cross petition which was to vacate the arbitration award, vacated the arbitration award, and, in effect, denied the petition to confirm the award. We reverse.

"An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrators' power" (*Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d 747, 748 [2008]). Here, the Supreme Court incorrectly granted that branch of HAFTR's cross petition which was to vacate the arbitration award, since the petitioner demonstrated that he was a tenured teacher at HAFTR and, as such, had certain rights, including the right to have his employment terminated only for cause, barring emergent financial circumstances not at issue here (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451; *Matter of Bane v Hebrew Academy of Five Towns & Rockaway*, 46 AD3d 552 [2007]). In response, HAFTR failed to rebut this showing by demonstrating the applicability of any of the statutorily enumerated grounds for vacatur of the award.

Moreover, there is no merit to HAFTR's contention that the $100,000 annual salary designated in the award was irrational. "An award is irrational if there is 'no proof whatever to justify the award' " (*Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d at 748, quoting *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). As HAFTR concedes in its brief, the petitioner's average annual compensation during his last seven years at HAFTR was greater than $100,000. It was, therefore, not irrational for the panel of arbitrators to set the petitioner's future annual salary at $100,000. Finally, to the extent that the panel exceeded its authority by indefinitely retaining jurisdiction over the matter, its award reinstating the petitioner to a tenured position at a designated salary and awarding him back benefits and salary, remains valid. The panel's retention of jurisdiction is not "inextricably intertwined" with its reinstatement of the petitioner to a tenured position with HAFTR, or with the provisions of the award referable to the petitioner's pension and salary (*see Johnston v Johnston*, 161 AD2d 125, 129 [1990]).

HAFTR's remaining contentions are without merit. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.