In the Matter of the Arbitration between NICHOLAS J. GRASSO et al., Respondents, and JOSEPH F. GRASSO, JR., Individually and as Limited Administrator of the Estate of JOSEPH F. GRASSO, Deceased, Appellant. (And a Related Action.) [899 NYS2d 458]—

McCarthy, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 11, 2009 in Schenectady County,

which, among other things, granted petitioners' application pursuant to CPLR 7511 to partially vacate an arbitration award.

Joseph F. Grasso (hereinafter decedent) commenced an action against his brother, petitioner Nicholas J. Grasso (hereinafter petitioner), and petitioner's law partner[1] containing numerous causes of action, mainly alleging that petitioner used forged documents and other improper means to gain title to real property previously owned by their parents. Although the complaint made no mention of petitioner Trans-American Management Corporation, that entity owned several parcels of property formerly owned by the parents. Petitioner submitted an answer containing numerous counterclaims. The parties to the action ultimately entered into an agreement to submit all issues in the action to binding arbitration, with no right of rehearing or appeal except for the rights available under CPLR article 75.[2]

In an August 2008 decision, the arbitrator found, among other things, that petitioner did not forge any signatures and decedent was a shareholder in Trans-American entitled to ownership of the same number of shares as petitioner and his family. The arbitrator directed Trans-American to demonstrate the current share ownership and provide an accounting. Petitioners moved to modify the award, based mainly upon an affidavit and stock certificates submitted by Lawrence Grasso—petitioner's son and the president of Trans-American. In October 2008, the arbitrator issued a modified decision which, among other things, held that the nonparty status of Trans-American and petitioner Anna Grasso—petitioner's wife and Trans-American's sole shareholder—did not affect his decision. The arbitrator still directed petitioner to obtain an accounting and facilitate issuance of one half of Trans-American's stock to decedent and, if petitioner does not secure transfer of the stock, directed that an arbitration hearing be conducted to determine the corporation's value and a judgment be issued to decedent against petitioner for one half of that value, after offsetting the amount of certain other awards.

Petitioners commenced this proceeding pursuant to CPLR 7503, 7510 and 7511 requesting a stay of further arbitration and seeking to vacate only that part of the arbitrator's decision granting relief against Trans-American and Anna Grasso.

---

**1.** A physician deemed petitioner's law partner incompetent to testify or otherwise participate in the action. Although still named as a party to the action, no award has been made which affects her.

**2.** Although the agreement states that upon its execution all litigation pending between the parties shall be discontinued, the record indicates that the original action is still pending.

Decedent cross-petitioned to confirm the entire arbitration award.[3] Supreme Court granted petitioner's application and denied the cross petition, holding that the arbitrator exceeded his authority as to Trans-American and Anna Grasso. Based on that finding, the court vacated the portions of the award that either directly or indirectly required issuance of Trans-American stock and an accounting from Trans-American, but confirmed the remainder of the award. Respondent appeals.

A court must vacate an arbitration award if the person seeking such relief was not a party to the arbitration, was not served with notice and "a valid agreement to arbitrate was not made" (CPLR 7511 [b] [2] [ii]). The parties agree that Trans-American and Anna Grasso were not parties to the original action and did not sign the agreement to arbitrate. Even the arbitrator, in his modified decision, acknowledged these facts. Hence, Supreme Court properly vacated those portions of the award which required Trans-American to issue stock or provide an accounting.

Supreme Court erred, however, in vacating the alternative portion of the modified arbitration award. Courts must give deference to an arbitrator's decision and cannot examine the merits of an arbitration award, even if the arbitrator misapplied or misinterpreted the law or facts, but a court may vacate an award if the arbitrator "exceeded his power" (CPLR 7511 [b] [1] [iii]; see CPLR 7501; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 82-83 [2003]; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d 859, 860, 864 [2009]). "Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336 [citations omitted]; see *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d at 860).

---

**3.** After decedent died during the pendency of this proceeding, the parties stipulated that his son, respondent Joseph F. Grasso, Jr., be substituted as a party in this proceeding and the original action, both in his capacity as limited administrator of decedent's estate and individually as assignee of decedent's interests.

While any award requiring petitioner to procure the issuance of Trans-American stock or obtain an accounting from that corporation—of which petitioner had no ownership interest—would be beyond the arbitrator's power, the alternative provided by the arbitrator was, under the broad scope of the arbitration agreement, within his power, rational and did not violate any public policy. The arbitrator rejected petitioners' argument that ownership of Trans-American's stock was not raised by decedent, noting that decedent "asserted ownership interest in all of the parcels of real property, title to which were transferred to the [c]orporation." Contrary to petitioners' argument that the arbitrator could only determine if the property was wrongfully obtained through forged documents, the arbitration agreement included all issues contained in the original action. Decedent alleged in that complaint that petitioner improperly gained control of the property through forgery, fraud, false statements and promises, breach of fiduciary duty and other means. The complaint also specifically alleges that some of the property that the brothers were to own jointly was titled to Trans-American or other corporations over which petitioner had control. Viewed in the context of the broad language of the arbitration agreement, the ownership of Trans-American and the corporation's value were placed before the arbitrator by these allegations. Thus, while the arbitrator could not direct the nonparty corporation to act, the arbitrator did not exceed his power by addressing the value of Trans-American in his decisions and ordering that a judgment be issued based on that value.

This Court cannot delve into the arbitrator's determination on the merits, namely that the real property held by Trans-American was all family property meant to be divided equally between petitioner and decedent (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d at 124; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d at 864; *Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y.*, 43 AD3d 1062, 1063 [2007]). Accepting that finding, the question becomes how to divide the value of that property. The arbitrator determined that if petitioner did not perform or cause the corporation to perform an accounting and issue shares of stock, the arbitrator would hold a hearing to determine the net value of Trans-American. One half of that value would then be awarded as a judgment in favor of respondent and against petitioner, with an offset for the amount of other awards that have not been chal-

lenged in this proceeding. This alternative was rational and within the arbitrator's power. Accordingly, the arbitrator's award should be vacated only to the extent that it directly ordered Trans-American to issue stock or produce an accounting.[4]

Mercure, J.P., Peters, Rose and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as vacated the portion of the modified arbitration award that directed an arbitration hearing before the arbitrator to determine the net value of petitioner Trans-American Management Corporation and awarded a judgment against petitioner Nicholas J. Grasso in favor of respondent based upon the value as determined at that hearing, and, as so modified, affirmed.

---

4. Because Trans-American and Anna Grasso are not parties, they are entitled to a stay of any further arbitration proceedings against them. The corporate records, however, can be obtained through third-party subpoenas for a future arbitration hearing between the parties.