■ In the Matter of the Arbitration between COUNTY OF ULSTER et al., Appellants, and ULSTER COUNTY SHERIFF'S EMPLOYEES ASSOCIATION/COMMUNICATIONS WORKERS OF AMERICA,

---

* That proceeding was subsequently consolidated, with another matter, into the present action.

AFL/CIO, LOCAL 1105, on Behalf of ELISEO BALDIZZI, Respondent. [906 NYS2d 351]—

Kavanagh, J. Appeal from an order of the Supreme Court (Zwack, J.), entered October 20, 2009 in Ulster County, which, among other things, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In June 2008, Eliseo Baldizzi filed an application for General Municipal Law § 207-c benefits, alleging that he suffered an illness that he incurred during the performance of his duties as a correction officer with petitioner Ulster County Sheriff's Department. The claim was reviewed by a claims manager and, after it was denied, respondent sought arbitration on Baldizzi's behalf pursuant to a collective bargaining agreement between respondent, the Sheriff's Department and petitioner County of Ulster. In lieu of a formal hearing, the parties agreed to a written, factual stipulation and the admission of Baldizzi's medical records, after which the arbitrator issued his award in favor of Baldizzi. Petitioners then commenced this CPLR article 75 proceeding to vacate the award, and respondent cross-moved to confirm the award. Supreme Court denied petitioners' motion and granted respondent's cross motion. Petitioners now appeal.

"Courts must give deference to an arbitrator's decision and cannot examine the merits of an arbitration award, even if the arbitrator misapplied or misinterpreted the law or facts, but a court may vacate an award" where it "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Grasso [Grasso]*, 72 AD3d 1463, 1465 [2010] [internal quotation marks and citations omitted]; *see* CPLR 7511 [b] [1] [iii]; *Matter of Windsor Cent. School Dist. [Windsor Teachers Assn.]*, 306 AD2d 669, 670 [2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Cohoes Police Officers Union [City of Cohoes]*, 263 AD2d 652, 653 [1999]). Petitioners' sole argument is that the arbitrator's award violates public policy because he failed to find that Baldizzi's illness occurred as the result of the performance of his duties within the Sheriff's Department. In fact, the arbitrator found that Baldizzi's illness "can be directly traced back" to an incident that occurred between Baldizzi, his coworkers and certain inmates while Baldizzi was performing his duties in the Sheriff's Department. Moreover, Baldizzi submitted unrefuted medical evidence that implicitly supports his claim that the illness in question

was precipitated by this incident.* As a result, we agree with Supreme Court that petitioners failed to offer a valid basis for disturbing the arbitrator's award.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Petitioners declined to exercise their right under the collective bargaining agreement to have Baldizzi submit to an independent medical examination.