■ In the Matter of the Arbitration between MASSENA CENTRAL SCHOOL DISTRICT, Respondent, and MASSENA CONFEDERATED SCHOOL EMPLOYEES' ASSOCIATION, NYSUT, AFL-CIO, on Behalf of ERIC FETTERLY, Appellant. [918 NYS2d 228]—

Garry, J.

Eric Fetterly, an employee of petitioner and a member of respondent, was absent from his employment for 11 months after suffering a work-related injury. When he returned, petitioner advised him that it had mistakenly paid his health insurance premiums during part of his absence and demanded reimbursement. Respondent filed a grievance alleging a violation of the collective bargaining agreement (hereinafter CBA) arising out of this issue, as well as three grievances addressing other disputes pertaining to Fetterly's absence. Upon completion of the grievance procedure, respondent demanded arbitration of all four disputes. By agreement, the health insurance issue was held in abeyance while the other matters were addressed (*see generally Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d 859 [2009]). Thereafter, the parties submitted the question whether the health insurance dispute was arbitrable under the CBA to the arbitrator, who determined that it was. Petitioner commenced this proceeding seeking to vacate that decision, and Supreme Court granted the petition. Respondent appeals.

As we previously determined, the CBA at issue "explicitly limits the scope of the arbitrator's authority" (*id.* at 861). The agreement provides that "[n]ot all grievances are subject to arbitration" and defines the scope of arbitration and jurisdiction of the arbitrator in restrictive terms, first, expressly limiting the arbitrator to interpreting and applying the terms of the CBA, and then, specifically stating: "The arbitrator shall not supplement, enlarge, diminish, or alter the scope of meaning of [the CBA] and its appendices as it exists from time-to-time, or any provisions therein, nor entertain jurisdiction of any subject matter not covered thereby (except to the extent necessary to determine his [or her] jurisdiction). Without limiting the foregoing *the subjects of health insurance and retirement are by this*

*section excluded from arbitration"* (emphasis added). Despite this emphasized language, the arbitrator found that "it cannot be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" and determined that the issue of payment of health insurance premiums, as opposed to the substance of health insurance coverage, was not excluded from arbitration. Supreme Court vacated this determination on the ground that it exceeded a specific, enumerated limitation on the arbitrator's power (*see* CPLR 7511 [b] [1] [iii]; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d at 860). We agree and affirm.

The threshold question of arbitrability is ordinarily a judicial determination, unless the agreement " '*clearly and unmistakably*' " provides otherwise (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 46 [1997], quoting *AT&T Technologies, Inc. v Communications Workers*, 475 US 643, 649 [1986]).[1] Here, the CBA directs that if the arbitrator determines that a subject is beyond his or her jurisdiction "or would contravene [the arbitration provisions]," he or she is to reduce this finding to writing and "may" refer the matter to the parties. Based in part on this provision, this Court previously found that the arbitrator's jurisdiction included the arbitrability of an issue raised in the other grievances (*see Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d at 863). Respondent argues that the same provision gives the arbitrator jurisdiction to determine that the current dispute is arbitrable and, therefore, that his determination of that issue is entitled to judicial deference (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]).

However, the arbitration provision at issue here is limited; indeed, almost every sentence manifests the parties' intent to narrow the scope of arbitration (*see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977]). Even the clause addressing the arbitrator's jurisdiction to determine arbitrability is phrased in negative terms. Such restrictive language cannot be read to manifest a clear and unmistakable intent to permit the arbitrator to enlarge the scope of arbitration in the guise of interpretation. Instead, the CBA explicitly

---

**1.** Petitioner did not waive the issue of arbitrability by participating without first applying for a stay, as other arbitrable issues were involved in the underlying dispute (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 302 [1984]) and this appeal is not from a final award.

forbids the arbitrator from "supplement[ing], enlarg[ing], diminish[ing], or alter[ing] the scope of [its] meaning." Accordingly, in order to determine whether the arbitrator exceeded his power in interpreting the exclusionary language, this Court must exercise its threshold responsibility to determine independently whether the dispute is arbitrable (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975]).

Respondent contends that the health insurance issue is arbitrable "[b]ecause a 'reasonable relationship [exists] between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1240-1241 [2010], quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). In light of the limited arbitration provision at issue here, this contention misconceives the appropriate analysis.[2] "[A]rbitration under such a clause will only be ordered when the dispute is expressly and unequivocally encompassed by the language of the clause" (Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7501:4, 2011 Pocket Part, at 27 [internal quotation marks omitted]; *see Bowmer v Bowmer*, 50 NY2d 288, 293 [1980]). A party cannot be compelled to arbitrate in the absence of an "express, direct and unequivocal agreement" to do so (*Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.]*, 46 NY2d 521, 525 [1979] [internal quotation marks omitted]; *see Matter of Oxford Empl. Support Personnel Assn. [Oxford Academy & Cent. School Dist.]*, 40 AD3d 1297, 1298 [2007], *lv denied* 9 NY3d 807 [2007]). Where an arbitration agreement clearly demonstrates that the parties intended to narrow the scope of arbitration, that intent must be given effect by limiting arbitration to those subjects "expressly and unequivocally encompasse[d]" in the arbitration agreement (*Bowmer v Bowmer*, 50 NY2d at 293; *accord Matter of Trump [Refco Props.]*, 194 AD2d 70, 74 [1993], *lv denied* 83 NY2d 754 [1994]).

No such express and unequivocal intent to arbitrate the issue of health insurance premiums may be discerned here. The CBA provides that not all grievances are arbitrable, prohibits the arbitrator from addressing issues outside his or her authority or enlarging the scope of the CBA, and specifically excludes "the

---

**2.** Notably, even when an arbitration clause is broadly worded, a matter may be excluded from its scope by language that clearly demonstrates such an intent (*see e.g. Matter of County of Albany [AFSCME, Council 82]*, 114 AD2d 732, 733 [1985]).

subject[ ] of health insurance" from arbitration. Applying a "plain language interpretation" to these provisions (*State of New York v Philip Morris Inc.*, 8 NY3d 574, 581 [2007]), it is evident that the parties did not intend to arbitrate this dispute. In the context of the agreement's restrictive language, the fact that the parties did not specify different treatment for health insurance premiums and health insurance coverage must be read to indicate that they intended no such distinction (*see Gangel v DeGroot*, 41 NY2d 840, 841 [1977]). The arbitrator's determination to the contrary exceeded his power and was properly set aside (*see Matter of New York State Dept. of Labor [Unemployment Ins. Appeal Bd.] v New York State Div. of Human Rights*, 71 AD3d 1234, 1236-1237 [2010], *lv denied* 15 NY3d 714 [2010]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d at 582).

Peters, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.