Garry, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered April 5, 2012 in Tompkins County, which, among other things, granted petitioners’ application pursuant to CPLR 7503 to stay arbitration between the parties.
*980 In March 2007, while a collective bargaining agreement (hereinafter CBA) covering the period between July 2006 and June 2010 was in effect, the Dryden Central School District and respondent Dryden Faculty Association (hereinafter the Association) entered into a separate memorandum of understanding (hereinafter MOU) in which they recognized the Association as the bargaining unit for all regularly appointed registered professional nurses working in the District, agreed upon the nurses’ terms and conditions of employment, and agreed that these terms and conditions would remain in effect until they are incorporated into the next collective bargaining agreement following the expiration of the CBA. Thereafter, petitioner Board of Education of the Dryden Central School District discharged a nurse represented by the Association.* The nurse’s subsequent grievance was denied, and respondents issued a demand for arbitration. Petitioners commenced this proceeding to permanently stay arbitration; respondents answered and counterclaimed to compel arbitration. Supreme Court granted the petition, and respondents appeal.
We reject respondents’ contention that an arbitrator, rather than a court, should decide whether the parties’ dispute is arbitrable. Responsibility for this threshold determination lies with the courts unless the parties have “evinced a clear and unmistakable agreement to arbitrate arbitrability” (Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45-46 [1997] [internal quotation marks omitted]; see AT&T Technologies, Inc. v Communications Workers, 475 US 643, 649 [1986]). Here, neither the CBA nor the MOU contains any such agreement, and Supreme Court properly addressed this issue.
It is well settled that “[a] party cannot be compelled to arbitrate in the absence of an express, direct and unequivocal agreement to do so” (Matter of Massena Cent. School Dist. [Massena Confederated School Employees’ Assn., NYSUT, AFL-CIO], 82 AD3d 1312, 1315 [2011] [internal quotation marks and citation omitted]; see Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d 521, 525 [1979]). Although the CBA provides for arbitration as the final step of the grievance process, the MOU neither contains its own arbitration provisions nor explicitly incorporates those set forth in the CBA. Respondents contend that the CBA’s arbitration provisions apply to covered nurses as the MOU does not expressly exclude them. However, this argument is unsupported by the *981 terms of the MOU and the rules governing contract interpretation.
The MOU specifically identifies selected provisions of the CBA to be applied to covered nurses — not including the arbitration provisions — and sets forth detailed additional provisions on several other subjects, including procedures for discharging nurses and terminating their employment. The MOU neither mentions arbitration nor indicates that any CBA provisions other than those expressly stated will apply to nurses. Thus, read as a whole, the MOU unambiguously reflects the parties’ intention to establish independent terms and conditions of employment for nurses that do not include the CBA’s arbitration provisions. To hold otherwise would violate the basic principle that “courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing” (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004] [internal quotation marks and citation omitted]; see Matter of County of Saratoga v New York State Pub. Empl. Relations Bd., 21 AD3d 1160, 1166 [2005]). Absent an “express, direct and unequivocal agreement” to arbitrate this dispute, Supreme Court properly granted the application to permanently stay arbitration (Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d at 525-526 [internal quotation marks omitted]; see CPLR 7503 [b]; Matter of Massena Cent. School Dist. [Massena Confederated School Employees’ Assn., NYSUT, AFL-CIO], 82 AD3d at 1315-1316).
Rose, J.P., Stein and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

 The nurse’s employment was terminated after the end date specified in the CBA, but as no new agreement has been negotiated, both the CBA and the MOU remain in effect (see Civil Service Law § 209-a [1] [e]).