In the Matter of HARRY GERSH, Petitioner, v. VILLAGE OF TUCKAHOE et al., Respondents.

Second Department, May 24, 1965.

*Arthur L. Reuter* for petitioner.

*Edward A. Silliere* and *Joseph M. Rigolio* for respondents.

*Per Curiam.* Although it is true, as the respondents contend, that this court under the guise of review cannot substitute its judgment for that of the respondent Board of Trustees of the Village of Tuckahoe in removing the petitioner from the positions he occupied as a member of the Library and Planning Boards, we can review the administrative determination to ascertain whether it is supported by " substantial evidence " and determine whether it is arbitrary or capricious (*Matter of 54 Cafe & Rest.* v. *O'Connell*, 274 App. Div. 428, affd. 298 N. Y. 883).

A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be reasonably drawn (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256). In making the determination as to the rationality of the inference, the court must consider the record as a whole and thus take into account all the evidence (*Matter of Phinn* v. *Kross,* 8 A D 2d 132, 135).

In our opinion, upon this record, the determination of the respondent Board of Trustees that petitioner was guilty of "unauthorized tampering with materials within the custody of the Police Department" is not supported by substantial evidence. The evidence was wholly insufficient to support the findings that petitioner knew that the books involved were not library property or that, with such knowledge, he unlawfully tampered with such material. In any event, it is our conclusion that the charge, even if established under the circumstances here, would not constitute actionable misconduct of such nature as to warrant removal.

It is our further opinion that the other charge against the petitioner, emanating from the letter which he wrote to the press, does not constitute sufficient legal ground for removal. The pertinent statutory provisions require that removal must be predicated upon "cause" or "misconduct" (Village Law, §§ 60, 179-f).

As a general rule, the word "cause" means legal cause as distinguished from discretion, and is a cause which specifically relates to and affects the proper administration of the office involved (4 McQuillin, Law of Municipal Corporations, § 12.234, p. 256). "The cause assigned must not be a mere whim or caprice of the one clothed with the power of removal, a mere subterfuge to get rid of the person holding the position; on the contrary, it must be of substance, relating to the character, neglect of duty or fitness of the person removed to properly discharge the duties of his position" (*People ex rel. Van Tine* v. *Purdy,* 221 N. Y. 396, 399).

Although removals on the ground of misconduct have been sustained because of improper criticism of public officials (*Matter of Sausbier* v. *Wheeler,* 276 N. Y. 246; *Matter of Kern* v. *La Guardia,* 264 App. Div. 627, affd. 289 N. Y. 776), the actions of the parties removed under the circumstances of those cases established their unfitness to perform properly the duties of their office. At bar, the petitioner's conduct did not impair or affect the administration of the public service in which he was engaged. There is no rule which forbids public officers from commenting upon or expressing their opinion concerning matters

260 

which may be of public concern (*Matter of Dunning* v. *Turner*, 285 App. Div. 742, affd. 309 N. Y. 933).

Moreover, in view of the recent pronouncements in the field of libel, where greater protection has been accorded utterances directed at the official conduct of public officers (*New York Times Co.* v. *Sullivan*, 376 U. S. 254; *Sheridan* v. *Crisona*, 14 N Y 2d 108), it would be anomalous if public officials were to be subjected to the threat of removal for expressing similar views on public matters. The "democratic government is best served when citizens, and especially public officials and those who aspire to public office, may freely speak out on questions of public concern" (*Gilberg* v. *Goffi*, 21 A D 2d 517, 527, affd. 15 N Y 2d 1023).

In our view, this second charge was not of such character as to warrant the drastic action taken by the Board of Trustees.

Accordingly, the determination should be annulled on the law and the petition granted, with costs; and the petitioner should be reinstated to his former positions, *nunc pro tunc*. No questions of fact have been considered.

BELDOCK, P. J., HILL, RABIN, HOPKINS and BENJAMIN, JJ., concur.

Determination annulled on the law and the petition granted, with costs, and petitioner reinstated to his former positions, *nunc pro tunc*. No questions of fact have been considered.