■ In the Matter of RILUC COMPANY, INC., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a highway use tax assessment imposed under Tax Law article 21.

The facts in this case are relatively undisputed. Petitioner is in the construction trucking business and, during the relevant time period, operated several diesel trucks to haul items such as stone and gravel to construction sites in the Syracuse area. Significantly, Tax Law § 503-a imposes a fuel use tax on the operators of "vehicular unit[s]" *(see,* Tax Law § 501 [3]) using the State's public highways, but allows a credit against the tax if a carrier is able to satisfactorily demonstrate that the motor fuel which it uses was purchased in New York and that the applicable motor fuel and State and local sales taxes were paid *(see,* Tax Law § 503-a [3]). During the relevant time period here, petitioner obtained fuel for its trucks under an agreement with O. R. Hill Fuel (hereinafter Hill) whereby Hill would deliver fuel to petitioner's garage in Syracuse and pump it directly into petitioner's trucks. After each delivery, Hill would leave a slip indicating the amount of fuel delivered and once each month would bill petitioner for the motor fuel. The invoice for the fuel indicated the dates of delivery, number of gallons delivered, the amount charged for each daily delivery and a phrase stating "[a]ll purchases include all taxes". Respondents do not dispute that the price petitioner paid to Hill was approximately the same as petitioner would have paid at a service station; nor do they dispute that

petitioner believed that the applicable taxes were being paid by Hill. Further, when petitioner learned that Hill was not a registered vendor of motor fuels *(see,* Tax Law § 283) during the course of a field audit of petitioner's records in 1985, it ceased doing business with Hill and cooperated fully with the State's subsequent investigation of Hill.

Nevertheless, because of Hill's unregistered status and the fact that the invoices supplied to petitioner by Hill did not separately state the amount of the tax, the Audit Division of the Department of Taxation and Finance concluded that there was insufficient evidence to substantiate that taxes on fuel sales had been paid on petitioner's purchases from Hill. As a result, the Audit Division ultimately issued an assessment of unpaid fuel use tax against petitioner pursuant to Tax Law article 21. Since petitioner had taken a credit against the fuel use tax imposed by Tax Law § 503-a, the assessment sought to recover the amount of tax due.

Petitioner filed a petition for revision of a determination or for refund of highway use tax due. A hearing was held with a decision adverse to petitioner, except to the extent of remitting penalties and interest in excess of the statutory minimum. Respondent Tax Appeals Tribunal affirmed this determination and petitioner commenced this proceeding to challenge the Tribunal's decision.

In our view, petitioner correctly alleges that the Tribunal's determination that petitioner is not entitled to a credit against the fuel use tax imposed by Tax Law article 21 lacks a rational basis and must be annulled. We note initially, however, our agreement with respondents that 20 NYCRR 493.3 (b), which requires detailed invoices to be kept of fuel purchases, does apply to the instant case despite the fact that the regulation was promulgated pursuant to Tax Law § 507 rather than Tax Law § 503-a. It is apparent from a review of Tax Law § 503-a that the requirements of Tax Law article 21 should apply to the tax imposed under that section except as where such requirements might be inconsistent with section 503-a *(see,* Tax Law § 503-a [10] ). Since the recordkeeping requirements of Tax Law § 507 and its regulations are clearly consistent with the dictates of Tax Law § 503-a, we see no reason why 20 NYCRR 493.3 should not also apply to petitioner's records in this case.

Nevertheless, even given the applicability of the cited regulation, we conclude that the invoices supplied by petitioner sufficiently complied with 20 NYCRR 493.3 (b) so as to entitle petitioner to the tax credit *(see, Matter of Raemart Drugs v*

*Wetzler,* 157 AD2d 22, 24). While it is true that petitioner's invoices from Hill did not separately state the taxes charged *(see,* 20 NYCRR 493.3 [b]; *see also,* Tax Law § 1132 [a]; 20 NYCRR 532.1 [b] [1]) and failed to include minor information such as the purchaser's signature (20 NYCRR 493.3 [b]), the fact remains that the amount of tax was easily ascertainable from the information that *was* supplied in conformance with the regulation (e.g., purchase dates, number of gallons and price charged). In this case it is undisputed that petitioner bought in good faith from what it assumed to be a registered fuel vendor and paid the same price for its fuel that petitioner would have paid if it had purchased from any other vendor. The amount of tax on a gallon of diesel fuel in Syracuse is not a mystery. It is apparent from the record that no one doubts that petitioner paid its taxes and that it acted in good faith at all times. Under these circumstances, the mindless elevation of form over substance cannot be considered anything other than an arbitrary and capricious exercise of power.

Due to our resolution of the foregoing issues, it is unnecessary to address the remaining contentions of petitioner.

Determination annulled, with costs, petition granted and matter remitted to respondent Tax Appeals Tribunal for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.