█ In the Matter of Local 342, Respondent, v Town of Huntington, Appellant. [860 NYS2d 607]—

In a proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award dated March 29, 2006, the Town of Huntington appeals from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered January 4, 2007, which, upon an order of the same court dated November 2, 2006, among other things, granted the petition, vacated the award, and directed the reinstatement of Cipriano Roman to his position as heavy equipment operator with back pay and lost benefits.

Ordered that the judgment is affirmed, with costs.

The Town of Huntington suspended Cipriano Roman from his position as a heavy equipment operator at the Town's recycling center after an Ordinance Inspector from the Town cited a building owned by Roman and his wife for numerous violations of, inter alia, the Huntington Town Code. After filing a grievance under the collective bargaining agreement between the Town and the petitioner (hereinafter the Union), the Union ultimately submitted the issue of Roman's suspension to arbitration. The arbitrator made an award dated March 29, 2006, finding that the Town had just cause for suspending Roman. The Supreme Court, among other things, vacated the award on the ground that it was irrational and, therefore, the arbitrator exceeded her authority. We agree.

Courts may vacate an arbitrator's award only on the grounds stated in CPLR 7511 (b). The only such ground asserted here is that the arbitrator "exceeded [her] power" (CPLR 7511 [b] [1] [iii]). Such an excess of power occurs only where the arbitrator's award (1) violates a strong public policy, (2) is irrational, or (3) clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]; Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326-328 [1999]).

The Union does not contend that the arbitrator lacked the power to resolve the question submitted; rather, the Union argues that the award is irrational because Roman's employment is completely unrelated to the off-duty misconduct of which he is accused. If an arbitrator's award is completely irrational, "it may be said that [s]he exceeded [her] power" (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582 [1977]). This ground of objection requires a showing that there was "no proof whatever to justify the award" (Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn., 308 AD2d 452, 453 [2003], quoting Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1991]).

While the charges against Roman emanating from his ownership of premises situated in the Town, if proven, are substantial and directly affect the safety of the public, they do not relate to his character, neglect of duty, or fitness to properly discharge the duties of his position (see People ex rel. Van Tine v Purdy, 221 NY 396, 399 [1917]; Matter of Gersh v Village of Tuckahoe, 23 AD2d 258, 259 [1965]). Since there is no proof in the record

to justify the award finding that the Town had cause for suspending Roman, the Supreme Court properly vacated the award (*see Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d at 453). Mastro, J.P., Skelos, Florio and Balkin, JJ., concur.