■ In the Matter of ABBY H. Fox et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent. [44 NYS3d 487]—

In a proceeding pursuant to Tax Law § 998 to review a notice of deficiency dated March 25, 2013, issued to the estate of Maurice M. Baer, the petitioners appeal from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 29, 2014, which denied their motion for summary judgment voiding the assessment of $636,563.33 in interest against the estate, and for an award of costs and attorneys' fees.

Ordered that the order is affirmed, with costs.

The petitioners are the decedent's daughters and the co-executors of the estate of Maurice M. Baer (hereinafter the decedent), which includes numerous interests in entities formed to hold income-producing real estate. After the decedent's death, his brother, Aaron Baer, claimed a right to some of those interests. The petitioners commenced a proceeding in Surrogate's Court against Aaron Baer alleging, inter alia, conversion and unjust enrichment, and requesting an accounting. An estate tax return was filed, and taxes were paid. The proceeding against Aaron Baer was subsequently settled in the petitioners' favor. Thereafter, an amended estate tax return was filed and additional taxes were paid. The estate was subsequently assessed $636,563.33 in interest for late payment of taxes. The petitioners objected to the assessment of interest on estate taxes paid by the estate. The petitioners contend

that, pursuant to Tax Law § 976 (e), interest should have been waived during the pendency of the proceeding against Aaron Baer.

The Surrogate's Court properly denied that branch of the petitioners' motion which was for summary judgment voiding the assessment of $636,563.33 against the estate. Tax Law § 976 (e) provides: "If the decedent has a cause of action pending at the time of death, or a cause of action arises which is related to the decedent's death, and any recovery under the cause of action is to be taxable under this article, the commissioner shall waive any penalty and interest associated with such cause of action which accrues from the date that the return disclosing such cause of action is filed, provided that such penalty and interest may not be waived for periods beyond one year after the date of final judgment or settlement of the cause of action." Tax statutes should generally be strictly construed and limited to their terms, which should not be extended by implication, and any ambiguity in a tax law should be resolved in favor of the taxpayer and against the taxing authority (*see Expedia, Inc. v City of N.Y. Dept. of Fin.*, 22 NY3d 121, 127 [2013]). However, an exemption from taxation must clearly appear, and if a statute or regulation authorizing an exemption is found, it will be construed against the taxpayer (*see Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]). Thus, "the taxpayer claiming an exemption bears the heavy burden of establishing that clear and unambiguous statutory language creates such an entitlement" (*Astoria Fed. Sav. & Loan Assn. v State of New York*, 222 AD2d 36, 42 [1996]).

Here, the petitioners established their prima facie entitlement to a waiver of interest under Tax Law § 976 (e) by showing that the proceeding against Aaron Baer was "related to the decedent's death" and that the assets recovered in that proceeding are taxable. However, the respondent raised a triable issue of fact as to whether some of those assets were not actually recovered in the proceeding against Aaron Baer, but were already part of the taxable estate and therefore ineligible for the Tax Law § 976 (e) interest waiver.

The petitioners established their prima facie entitlement to judgment as a matter of law on the issue of whether the proceeding against Aaron Baer was disclosed to the respondent as required by Tax Law § 976 (e). The respondent raised a triable issue of fact, however, as to whether this disclosure was sufficient to put the respondent on notice that a Tax Law § 976 (e) interest waiver was being claimed (*see Matter of Riluc Co. v*

*Tax Appeals Trib.*, 169 AD2d 988 [1991]; *Matter of Raemart Drugs v Wetzler*, 157 AD2d 22 [1990]).

As the petitioners are not the prevailing parties, the Surrogate's Court properly determined that they were not entitled to an award of litigation costs pursuant to Tax Law § 3030. Accordingly, the court property denied that branch of the petitioners' motion which was for an award of costs and attorney's fees. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.