Kirchoff-Consigli Constr. Mgt., LLC v Dharmakaya, Inc. (2020 NY Slip Op 04468)





Kirchoff-Consigli Constr. Mgt., LLC v Dharmakaya, Inc.


2020 NY Slip Op 04468


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-12930 
2018-14044
 (Index No. 51167/15)

[*1]Kirchoff-Consigli Construction Management, LLC, appellant-respondent, 
v
Dharmakaya, Inc., respondent- appellant.


Hinckley, Allen & Snyder LLP, Albany, NY (James J. Barriere of counsel), for appellant-respondent.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, NY (Robert A. Banner and Kimberly L. Quintano of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for related declaratory relief, the plaintiff appeals, and the defendant cross-appeals, from (1) a decision of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 28, 2018, and (2) an order of the same court dated October 29, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 4404(b) to set aside so much of the decision, made after a nonjury trial, as determined that the plaintiff was entitled to damages in the principal sum of only $643,625.43 and determined that the plaintiff was not entitled to an award of attorneys' fees, and granted that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to amend the decision to the extent of determining that the plaintiff was entitled to damages in the principal sum of only $524,253.92. The order, insofar as cross-appealed from, denied that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to set aside so much of the decision as determined that the defendant was not entitled to an award of attorneys' fees and costs pursuant to CPLR 3220.
ORDERED that the appeal and cross appeal from the decision are dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to set aside so much of the decision as determined that the defendant was not entitled to an award of attorneys' fees and costs pursuant to CPLR 3220 is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a determination of the amount of attorneys' fees and costs to be awarded to the defendant pursuant to CPLR 3220; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 2014, the defendant, a not-for-profit spiritual teaching organization, hired the plaintiff to serve as the construction manager in connection with the construction of a retreat center on the defendant's property in Cragsmoor. The defendant became dissatisfied with the plaintiff's budgetary management, and in March 2015, the defendant terminated the contract for cause. Thereafter, the plaintiff commenced this action seeking, inter alia, to recover $1,400,000 in damages for breach of contract and related declaratory relief, alleging, among other things, that the defendant's purported for-cause termination failed to comply with the terms of the parties' contract. In April 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that it was entitled to compensation as set forth in sections 10.1.2 and 10.1.3 of the contract pertaining to termination of the contract for convenience prior to the establishment of a Guaranteed Maximum Price (hereinafter the GMP). The court determined, among other things, that while the defendant did not comply with the contractual requirements for termination for cause, the defendant had the unconditional right to terminate the contract for convenience prior to the establishment of the GMP under article 10 of that contract. Therefore, the court concluded that the plaintiff was entitled to damages in accordance with the aforementioned provisions.
Prior to the nonjury trial on the issue of damages, the defendant made an offer pursuant to CPLR 3220 to allow judgment to be taken against it in the sum of $950,000. The plaintiff, in effect, rejected this offer. After the trial, the Supreme Court issued a decision dated August 28, 2018, in which it determined that the plaintiff was entitled to damages in the principal sum of $643,625.43, and that neither party was entitled to an award of attorneys' fees. Thereafter, in an order dated October 29, 2018, the court denied those branches of the plaintiff's motion which were pursuant to CPLR 4404(b) to set aside so much of the decision as determined that the plaintiff was entitled to damages in the principal sum of only $643,625.43 and determined that the plaintiff was not entitled to an award of attorneys' fees. In addition, the court granted that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to amend the decision to the extent of determining that the plaintiff was entitled to damages in the principal sum of $524,253.92, but denied that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to set aside so much of the decision as determined that the defendant was not entitled to an award of attorneys' fees and costs pursuant to CPLR 3220.
"When reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (Superior Vending Servs., Inc. v Workmen's Circle Home & Infirmary Found. for the Aged, N.Y. State Branches, Inc., 148 AD3d 960, 961 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). Here, contrary to the plaintiff's contentions, the Supreme Court's determinations regarding the plaintiff's damages and that the plaintiff was not a prevailing party for the purpose of an award of attorneys' fees pursuant to the parties' contract, were supported by the record and warranted by the facts (see Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d 622, 623; Mad Den, Inc. v Vaccarino, 151 AD3d 712, 714). Therefore, those determinations will not be disturbed.
However, we disagree with the Supreme Court's determination denying that branch of the defendant's cross motion which was pursuant to CPLR 4404(b) to set aside so much of the decision as determined that the defendant was not entitled to an award of attorneys' fees and costs pursuant to CPLR 3220. CPLR 3220 provides, in relevant part, that, in an action to recover damages for breach of contract, at any time at least 10 days prior to trial, a defendant may make "a written offer to allow judgment to be taken against [it] for a sum therein specified, with costs then accrued, if the [defendant] fails in his defense." If the plaintiff rejects the offer and thereafter "fails to obtain a more favorable judgment, [the plaintiff] shall pay the expenses necessarily incurred by the [defendant], for trying the issue of damages from the time of the offer" (CPLR 3220; see Saul v Cahan, 153 AD3d 951, 952-953). Here, since the defendant's offer of $950,000 exceeded the plaintiff's award of $524,253.92 and the plaintiff rejected that offer, the court should have awarded [*2]the defendant its expenses, including attorneys' fees, incurred in trying the issue of damages from the date of its offer pursuant to CPLR 3220 (see Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d at 623). Accordingly, the matter must be remitted to the Supreme Court, Dutchess County, for a determination of the defendant's attorneys' fees and costs pursuant to CPLR 3220.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court