Matter of J-K Apparel Sales Co., Inc. v Esposito (2020 NY Slip Op 07382)





Matter of J-K Apparel Sales Co., Inc. v Esposito


2020 NY Slip Op 07382


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-06556
 (Index No. 601403/18)

[*1]In the Matter of J-K Apparel Sales Co., Inc., appellant,
v
Linda Esposito, etc., respondent.


Nixon Peabody LLP, Jericho, NY (James W. Weller of counsel), and Forchelli Deegan Terrana LLP, Uniondale, NY (Peter Basil Skelos of counsel), for appellant (one brief filed).
Jason J. Rebhun, P.C., New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 17, 2017, the petitioner appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered April 27, 2018. The order denied the petition to confirm the arbitration award and granted the cross petition, inter alia, to vacate the arbitration award.
ORDERED that the order is reversed, on the law, with costs, the petition to confirm the arbitration award is granted, the cross petition to vacate the arbitration award is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment.
The petitioner commenced this proceeding to confirm an arbitration award based upon the violation of a noncompete/nonsolicitation clause of an employment agreement by the respondent, Linda Esposito, also known as Linda Pencek (hereinafter Pencek). Pencek cross-petitioned, inter alia, to vacate the arbitration award. The Supreme Court granted the cross petition on the ground that the arbitration award was irrational, and denied the petition. The petitioner appeals, and we reverse.
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795, citing Wien & Malkin LLP v Helmsley—Spear, Inc., 6 NY3d 471, 479). "A court may vacate an arbitration award on the ground that the arbitrator exceeded his [or her] powers within the meaning of CPLR 7511(b)(1)(iii) only where the arbitrator's award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050 [internal quotation marks omitted]; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534; Matter of Ross v New York City Metro. Tr. Auth., 174 AD3d 627, 627-628). "An award is irrational only where there is no proof whatever to justify the award" (Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Kotlyar v Khlebopros, 176 AD3d at 795).
Here, Pencek failed to show by clear and convincing evidence a basis for vacating the [*2]arbitration award pursuant to CPLR 7511. Accordingly, the Supreme Court should have granted the petition to confirm the arbitration award (see Matter of Bornstein v Steinberg, 175 AD3d 605, 606; Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1; Dedvukaj v Parlato, 136 AD3d 733, 734).
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court