Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC (2023 NY Slip Op 02120)

Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC

2023 NY Slip Op 02120

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2021-06108 
2021-06873
 (Index No. 608629/21)

[*1]In the Matter of Briscoe Protective, LLC, respondent,
v
North Fork Surgery Center, LLC, appellant.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Kirschenbaum & Kirschenbaum, P.C., Garden City, NY (Marc W. Daniels of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated June 15, 2021, North Fork Surgery Center, LLC, appeals from (1) an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered August 10, 2021, and (2) a judgment of the same court entered September 16, 2021. The order granted the petition to confirm the arbitration award and, in effect, denied the motion of North Fork Surgery Center, LLC, in effect, to vacate the arbitration award. The judgment, upon the order, is in favor of the petitioner and against North Fork Surgery Center, LLC, in the total sum of $35,620.14.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the petition to confirm the arbitration award is denied, the motion of North Fork Surgery Center, LLC, in effect, to vacate the arbitration award is granted, the arbitration award is vacated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to North Fork Surgery Center, LLC.
The appeal from the order entered August 10, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award that was based on the alleged failure of North Fork Surgery Center, LLC (hereinafter Surgery Center), to make payments pursuant to service agreements related to fire detection equipment and sprinkler systems. Surgery Center moved, in effect, to vacate the arbitration award pursuant to CPLR 7511(b)(1)(i) and (iii). The Supreme Court granted the petition, in effect, denied the motion, and entered a judgment in favor of the petitioner and against Surgery Center in the total sum of $35,620.14. Surgery Center appeals.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479; see CPLR 7510, 7511). "'A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence'" (Matter of Paluch v Kohn, 204 AD3d 804, 806, quoting Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d 1045, 1046). "'A court may vacate an arbitration award on the ground that the arbitrator exceeded his [or her] powers within the meaning of CPLR 7511(b)(1)(iii) only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of J-K Apparel Sales, Co. Inc. v Esposito, 189 AD3d at 1046, quoting Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050). An arbitrator's award is irrational "'where there is no proof whatever to justify the award'" (Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d at 1046, quoting Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683).
Here, the arbitrator's excessive award of attorneys' fees in the sum of $11,307 was irrational because it was not supported by any proof. The arbitrator issued an award in the petitioner's favor upon a finding that Surgery Center defaulted in answering the demand for arbitration. After awarding the petitioner damages in the principal sum of $22,614.89, plus interest, the arbitrator proceeded to award attorneys' fees in the sum of $11,307, which is equal to 50% of the damages award. On the issue of attorneys' fees, the petitioner submitted only the service agreements, which contained identical provisions stating that "[i]f [the petitioner] prevails in any litigation or arbitration between the parties, [Surgery Center] shall pay [the petitioner's] legal fees," and a letter of engagement between the petitioner and its counsel, which stated that the petitioner's "collection matters will be handled on a contingency basis of one third of all amounts recovered or whatever legal fees are awarded, whichever is greater." The petitioner's counsel did not submit, and the arbitrator did not consider, any evidence as to the hours of legal work by the petitioner's counsel or the hourly rate. Although the arbitrator stated that he was awarding the sum of $11,307 in attorneys' fees "as provided for in the agreement between the parties," there was no proof that Surgery Center agreed to unlimited or unreasonable fees, and no proof that Surgery Center agreed to the fee arrangement that the petitioner made with its counsel. Moreover, the award of attorneys' fees was contrary to the petitioner's agreement with its counsel. As such, the arbitrator's award of attorneys' fees was irrational (see Matter of Local 342 v Town of Huntington, 52 AD3d 720, 721-722; cf. Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d 1185, 1187).
Further, the arbitrator's award of attorneys' fees violates the strong public policy against excessive fees, e.g., fee arrangements "where the amount becomes large enough to be out of all proportion to the value of the professional services rendered" (Gair v Peck, 6 NY2d 97, 106; cf. Matter of First Natl. Bank of E. Islip v Brower, 42 NY2d 471, 475; Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516, 524).
Under the circumstances present here, where the award of attorneys' fees was clearly irrational and contrary to public policy, vacatur of the entire arbitration award is warranted (see Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF, AFL-CIO-CLC [Masiello], 13 NY3d 803, 804-805).
We decline the petitioner's request for an award of attorneys' fees in connection with this appeal, and we further decline the petitioner's request for sanctions pursuant to 22 NYCRR 130-1.1.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court