Matter of D&W Cent. Sta. Fire Alarm Co., Inc. v FlatironHotel Operations, LLC (2023 NY Slip Op 06136)

Matter of D&W Cent. Sta. Fire Alarm Co., Inc. v FlatironHotel Operations, LLC

2023 NY Slip Op 06136

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-09119
2020-09121
 (Index No. 607573/20)

[*1]In the Matter of D & W Central Station Fire Alarm Co., Inc., respondent, 
v
FlatironHotel Operations, LLC, appellant.

Mermel Associates PLLC, Lake Success, NY (Mark D. Mermel of counsel), for appellant.
Kirschenbaum & Kirschenbaum, P.C., Garden City, NY (Marc W. Daniels of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award dated July 2, 2020, FlatironHotel Operations, LLC, appeals from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 26, 2020, and (2) a judgment of the same court dated November 12, 2020. The order, insofar as appealed from, granted those branches of the petition which were to confirm so much of the arbitration award as awarded attorneys' fees to the petitioner in the sum of $16,149.72 and for an award of additional attorneys' fees in the sum of $2,500, and denied the cross-petition to vacate or modify so much of the arbitration award as awarded attorneys' fees to the petitioner in the sum of $16,149.72. The judgment, upon the order, is in favor of the petitioner and against FlatironHotel Operations, LLC, in the total sum of $57,781.13.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, those branches of the petition which were to confirm so much of the arbitration award as awarded attorneys' fees to the petitioner in the sum of $16,149.72 and for an award of additional attorneys' fees in the sum of $2,500, are denied, that branch of the cross-petition which was to vacate so much of the arbitration award as awarded attorneys' fees to the petitioner in the sum of $16,149.72 is granted, that portion of the arbitration award is vacated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to FlatironHotel Operations, LLC.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2018, FlatironHotel Operations, LLC (hereinafter FlatironHotel), entered into a standard commercial fire alarm lease with D & W Central Station Fire Alarm Co., Inc. (hereinafter D & W). In 2020, D & W served upon FlatironHotel a demand for arbitration of a breach of contract claim, seeking damages in the principal sum of $32,299.43 and attorneys' fees in the sum of $16,149.72. On July 2, 2020, an arbitration award was issued, awarding D & W the sum of $36,417.61 on its claim, inclusive of interest, as well as the sum of $16,149.72 for attorneys' fees.
D & W commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award and for an award of additional attorneys' fees in the sum of $2,500. FlatironHotel filed a cross-petition to vacate or modify so much of the arbitration award as awarded attorneys' fees in the sum of $16,149.72. In an order entered October 26, 2020, the Supreme Court granted the petition and denied the cross-petition. The court thereafter issued a judgment, upon the order, awarding D & W the total sum of $57,781.13. FlatironHotel appeals.
CPLR 7511(b)(1)(iii) permits a court to vacate an arbitration award on the basis that an arbitrator "exceeded [her or] his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made." "[A]n arbitrator 'exceed[s] [her or] his power' under the meaning of the statute where [the] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies," even where "an arbitrator makes errors of law or fact" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 91). Nevertheless, an arbitrator's award will be vacated as irrational where "there was no proof whatever to justify the award" (Matter of Local 342 v Town of Huntington, 52 AD3d 720, 721 [internal quotation marks omitted]; see generally Zar v Yaghoobzar, 161 AD3d 815, 817; Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731, 732).
Here, while FlatironHotel correctly concedes that it was within the arbitrator's authority to award attorneys' fees pursuant to the parties' contract as well as the relevant arbitration rules, the amount of the attorneys' fees award was irrational, as it was not supported by any proof (see Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d 956).
"An award of an attorney's fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779; see McCormick 110, LLC v Gordon, 200 AD3d 672, 675). Thus, where an award of attorneys' fees is pursuant to a contractual provision, the determination of what constitutes reasonable compensation must be based upon "such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Vigo v 501 Second St. Holding Corp., 121 AD3d at 780; see Prilik v Petro Home Servs., 203 AD3d 969).
Here, while D & W's counsel averred that four hours of legal services, billed at $300 per hour, were rendered on the arbitration proceeding, the arbitrator's attorneys' fees award of $16,149.72, approximately 13.5 times that billable amount, was apparently based upon the retainer agreement between D & W and its counsel, which provided that counsel would handle "collection matters . . . on a contingency basis of one third of all amounts recovered or whatever legal fees are awarded, whichever is greater." However, "there was no proof that [FlatironHotel] agreed to unlimited or unreasonable fees, and no proof that [FlatironHotel] agreed to the fee arrangement that [D & W] made with its counsel" (Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d at 958). Moreover, the award of attorneys' fees was contrary to D & W's agreement with its counsel inasmuch as it was not one-third of the amount awarded to D & W on its claim, but approximately 44% of that amount. Under all of these circumstances, the arbitrator's award of [*2]attorneys' fees in the sum of $16,149.72 was irrational (see id.; Matter of Local 342 v Town of Huntington, 52 AD3d at 721-722).
Further, "the arbitrator's award of attorneys' fees violate[d] the strong public policy against excessive fees, e.g., fee arrangements 'where the amount becomes large enough to be out of all proportion to the value of the professional services rendered'" (Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d at 958, quoting Gair v Peck, 6 NY2d 97, 106).
Accordingly, the Supreme Court should have vacated so much of the arbitration award as awarded to D & W attorneys' fees in the sum of $16,149.72. Moreover, since D & W has not prevailed in this litigation, under the terms of the parties' contract, D & W was not entitled to an award of additional attorneys' fees (see D'Amico v D'Amico, 251 AD2d 616, 617; see also Kirchoff-Consigli Constr. Mgt., LLC v Dharmakaya, Inc., 186 AD3d 585, 587; Matter of Fox v New York State Dept. of Taxation & Fin., 145 AD3d 1005, 1007).
FlatironHotel's remaining contentions are without merit.
Accordingly, we reverse the judgment, deny those branches of the petition which were to confirm so much of the arbitration award as awarded attorneys' fees to D & W in the sum of $16,149.72 and for an award of additional attorneys' fees in the sum of $2,500, grant that branch of the cross-petition which was to vacate the aforementioned portion of the arbitration award, and remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith, including remitting the matter to the arbitrator for a new hearing and thereafter a new determination on the issue of the amount of attorneys' fees to award D & W.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court