Matter of Centurion Cos., Inc. v Bowne Tech Constr. Corp. (2025 NY Slip Op 04246)

Matter of Centurion Cos., Inc. v Bowne Tech Constr. Corp.

2025 NY Slip Op 04246

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-08150
2024-02988
 (Index No. 31560/23)

[*1]In the Matter of Centurion Companies, Inc., respondent, 
v
Bowne Tech Construction Corp., appellant.

Gutman Weiss, P.C., Brooklyn, NY (Dov Medinets of counsel), for appellant.
Savad Churgin, Nanuet, NY (Donna Sobel and Joseph A. Churgin of counsel), for respondent.
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 22, 2023, Bowne Tech Construction Corp. appeals from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated July 17, 2023, and (2) a judgment of the same court dated August 7, 2023. The order, insofar as appealed from, granted the petition, confirmed the arbitration award, denied the cross-motion of Bowne Tech Construction Corp. to vacate or modify the arbitration award, and directed the entry of a judgment in favor of the petitioner and against Bowne Tech Construction Corp. in the principal sum of $156,790. The judgment, insofar as appealed from, upon the order, is in favor of the petitioner and against Bowne Tech Construction Corp. in the principal sum of $156,790.

DECISION & ORDER
Motion by the petitioner, inter alia, to dismiss the appeal from the order, in effect, on the ground that the right of direct appeal from the order terminated upon entry of the judgment in the proceeding. By decision and order on motion of this Court dated October 16, 2024, that branch of the motion which is to dismiss the appeal from the order, in effect, on the ground that the right of direct appeal from the order terminated upon entry of the judgment in the proceeding was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order, in effect, on the ground that the right of direct appeal from the order terminated upon entry of the judgment in the proceeding is granted; and it is further,
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision [*2]thereof in favor of the petitioner and against Bowne Tech Construction Corp. in the principal sum of $91,250 for delay damages; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the petition which was to confirm so much of the arbitration award as determined that the petitioner is entitled to $91,250 for delay damages is denied, that branch of the cross-motion of Bowne Tech Construction Corp. which was to vacate that portion of the arbitration award is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment.
In February 2020, the petitioner, Centurion Companies, Inc. (hereinafter Centurion), entered into a contract with the owner of certain real property located at 100 Snake Hill Road in West Nyack to make renovations and additions to an existing building for use as a new self-storage facility. On March 25, 2020, Centurion and Bowne Tech Construction Corp. (hereinafter Bowne) entered into a contract with regard to the construction project pursuant to which Bowne agreed to perform certain steel work for the project in exchange for $840,000 (hereinafter the subcontract).
On October 22, 2021, Bowne filed a notice of mechanic's lien against the subject property in the sum of $261,200, the amount still allegedly owed to it for its work on the project pursuant to the terms of a change order increasing the subcontract price by $150,000. On May 25, 2022, Centurion served upon Bowne a notice of demand for arbitration in accordance with the subcontract, challenging the validity of Bowne's $261,200 claim for unpaid construction work and seeking its own damages based on Bowne's alleged noncompliance with the subcontract. In an arbitration award dated March 22, 2023, the arbitrator denied Bowne's claim and awarded Centurion damages in the principal sum of $156,790, including $91,250 in delay damages.
Subsequently, Centurion commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. Bowne opposed the petition and cross-moved to vacate or modify the arbitration award. In an order dated July 17, 2023, the Supreme Court, inter alia, granted the petition, confirmed the arbitration award, denied Bowne's cross-motion, and directed the entry of a judgment in favor of Centurion and against Bowne in the principal sum of $156,790. A judgment dated August 7, 2023, was entered upon the order, among other things, in favor of Centurion and against Bowne in the principal sum of $156,790. Bowne appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248; see also Matter of Quanto Capital, LLC v Northeast & Cent. Contrs., Inc., 203 AD3d 931, 931; Matter of Deluca v Arch Ins. Group, 109 AD3d 912, 912; Matter of Jadhav v Ackerman, 62 AD3d 797, 798). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"'[J]udicial review of arbitration awards is extremely limited'" (Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d 1186 [internal quotation marks omitted], quoting Matter of Piller v Eisner, 173 AD3d 1035, 1036; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "'A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence'" (Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d 956, 957 [internal quotation marks omitted], quoting Matter of Paluch v Kohn, 204 AD3d 804, 806; see Matter of J-K Apparel Sales Co., Inc. v. Esposito, 189 AD3d 1045, 1046). "CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including, as relevant here, that the arbitrator exceeded his or her authority" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 946; see CPLR 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). "An arbitration award may be vacated on the ground that the arbitrator exceeded his or her power where the 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d at 1186 [internal quotation marks omitted], quoting Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973; see Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 946). "An arbitrator's award is irrational 'where there is no proof [*3]whatever to justify the award'" (Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d at 957 [internal quotation marks omitted], quoting Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d at 1046; see Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d at 1186). "'Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice'" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 947, quoting Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. v State of New York, 94 NY2d 321, 326).
The Supreme Court erred in granting that branch of Centurion's petition which was to confirm so much of the arbitration award as determined that Centurion is entitled to $91,250 for delay damages, and in denying that branch of Bowne's cross-motion which was to vacate that portion of the arbitration award. This portion of the arbitration award was irrational because there was no proof whatever to justify it (see Matter of Richardson v Markovich, 227 AD3d 999, 1000; Matter of D & W Cent. Sta. Fire Alarm Co., Inc. v FlatironHotel Operations, LLC, 221 AD3d 1003, 1005; Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d at 957). Generally, when claims are made for damages for delay, a plaintiff must show that the defendant was responsible for the delay, that the delay caused a delay in the completion of the contract (eliminating overlapping or duplication of delays), and that the plaintiff suffered damages as a result of the delay (see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 961; Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 825-826). Centurion acknowledged that due to its own delays, the project site was not ready for Bowne to begin work until December 2020. The project was substantially completed seven months later in July 2021. There was no evidence presented to show that Centurion suffered any damage as a result of any alleged further delay by Bowne. Nor was there any rational basis for using a figure for damages for delay of $1,000 per day. Under the circumstances presented, the arbitrator's determination that Centurion is entitled to $91,250 for delay damages was clearly irrational and contrary to public policy (see Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF, AFL-CIO-CLC [Masiello], 13 NY3d 803, 804-805; Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d at 958).
However, the Supreme Court properly denied that branch of Bowne's cross-motion which was to modify the arbitration award. As relevant herein, CPLR 7511(c) provides that the court shall modify an arbitration award if "there was a miscalculation of figures" (id. § 7511[c][1]). Here, Bowne's contention that the arbitrator should have offset the damages awarded to Centurion by $84,000 is a challenge to the arbitrator's legal and factual conclusions rather than to the arbitrator's arithmetic. As such, it is not a proper ground for modification (see Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184, 191; Matter of Cupero v Herman, 50 AD3d 791, 791; Matter of WBP Cent. Assoc., LLC v Deco Constr. Corp., 44 AD3d 781, 781; cf. Matter of Paul v Insurance Co. of N. Am., 81 AD2d 671, 671).
To the extent Bowne contends that the Supreme Court erred in denying that branch of its cross-motion which was to vacate so much of the arbitration award as denied its claim for $261,200 in unpaid construction work, such contention is without merit. The arbitrator's alleged erroneous application of the law relevant to the subcontract's no-oral-modification clause is not a valid basis for vacatur (see Shnitkin v Healthplex IPA, Inc., 71 AD3d 979, 981; Matter of NFB Inv. Servs. Corp. v Fitzgerald, 49 AD3d 747, 748). Here, the subcontract expressly provided that change orders must be signed by both parties, as well as the owner of the property, in order to be enforceable, and the evidence demonstrated that only Bowne signed the subject change order. Under such circumstances, the arbitrator's determination that the change order was unenforceable was not irrational.
In light of our determination, we need not reach Bowne's remaining contentions.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court